UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4496

NAKITA D. AGYEMANG, a/k/a Nakita
Konadu Agyemang; SOLOMON
ADUSEI, a/k/a Kofi Danso,
Defendants-Appellants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-99-23-A)

Submitted: April 20, 2000

Decided: September 15, 2000

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph N. Bowman, Alexandria, Virginia; Michael W. Lieberman,
Alexandria, Virginia, for Appellants. Helen F. Fahey, United States
Attorney, Kathleen M. Kahoe, Assistant United States Attorney,
Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Nakita D. Agyemang appeals her conviction and sentence for conspiracy in violation of 18 U.S.C. § 371 (1994), and naturalization fraud in violation of 18 U.S.C. § 1425(a) (1994). Solomon Adusei appeals his conviction and sentence for conspiracy in violation of 18 U.S.C. § 371 (1994), aiding and abetting naturalization fraud in violation of 18 U.S.C. §§ 2 & 1425(a) (1994), and immigration fraud in violation of 18 U.S.C.A. § 1546(a) (West Supp. 2000). Finding no reversible error, we affirm.

The Defendants raise two issues on appeal: (1) whether there was sufficient evidence to sustain the Defendants' convictions and for finding that they made material false statements to the INS; and (2) whether the district court abused its discretion in allowing an INS examiner to testify as a lay witness.

A reviewing court must uphold a jury's verdict if there is substantial evidence to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). We have reviewed the record and are satisfied that substantial evidence supports the Defendants' convictions. We also find that the false information submitted to the INS was clearly material as it would have influenced the decisions of the INS. See Kungys v. United States, 485 U.S. 759, 770-72 (1988); United States v. Puerta, 982 F.2d 1297, 1301 (9th Cir. 1992).

The Defendants also challenge their convictions on the ground that the district court abused its discretion in allowing an INS examiner to testify as a lay witness about the different INS forms, files, and procedures used in the immigration context. We review a district court's evidentiary ruling for an abuse of discretion. See United States v. Patterson, 150 F.3d 382, 387 (4th Cir. 1998), cert. denied, 525 U.S. 1086 (1999). Federal Rule of Evidence 701 governs the admission of lay

2

testimony and generally limits its scope to facts about which a witness has personal knowledge. Lay opinion testimony is admissible where it is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed. R. Evid. 701.

The record reveals that the INS examiner limited her testimony primarily to facts within her personal knowledge, which she accumulated in the course of her employment with the INS. Although the examiner did express an opinion that the INS would deny an application if an immigrant lied about certain important information, such as her identify or number of children, we find that her testimony was rationally based on her perceptions from her work at the INS. Further, such testimony was helpful to the jury in understanding all of the forms, policies, and procedures involved in an INS determination of eligibility for immigration or naturalization. Accordingly, we find that the district court did not abuse its discretion in allowing the INS examiner to testify as a lay witness.

Accordingly, we affirm the Defendants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3